## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**BEVERLY BURKETT**                                                              **PLAINTIFF**

v.                                    **CASE NO. 5:17-CV-00310 BSM**

**GEORGE ERVIN "SONNY" PERDUE,**
**in his official capacity as SECRETARY of**
**DEPARTMENT OF AGRICULTURE**                                **DEFENDANT**

### ORDER

Sonny Perdue's motion for summary judgment [Doc. No. 28] is denied.  To the extent
that Beverly Burkett wishes to bring an administrative appeal of a Merit Systems Protection
Board ("MSPB") decision or a sex or gender discrimination claim, those claims are dismissed
because she did not assert an MSPB appeal in her complaint or raise sex or gender
discrimination claims in her Equal Employment Opportunity ("EEO") complaint.

### I. BACKGROUND

Burkett is a 59-year-old black woman who worked for the Farm Service Agency
("FSA") within the United States Department of Agriculture ("USDA") from 1987 until July
13, 2013.  *See* Pl.'s Resp. Statement of F. ¶¶ 1, 4, 31, Doc. No. 36.  While with the FSA, she
filed and won multiple EEO claims of discrimination and retaliation.  *See* Pl.'s Resp. Mot.
Summ. J. at 2–3, Doc. No. 38.

In 2001, she was passed over for a promotion into a training position which would
lead to a position as a farm loan officer ("FLO").  *Id.* at 3.  Burkett filed an EEO claim
alleging she was passed over in retaliation for her prior race discrimination claim, and an

administrative law judge ("ALJ") ordered her into a position as an FLO, with instructions to provide her the requisite training that she would have gotten had she not been discriminated against in the first place. *Id.* at 3–4. FLOs must have loan approval authority, which is given after completion of FLO training.

To receive loan approval authority, an FLO trainee must complete various modules and courses and pass an exam. Br. Supp. Mot. Summ. J. at 6, Doc. No. 29. Then, the trainee must complete five prepared loan dockets to a quality level of 90 percent. *Id.* at 6.

Despite being ordered into a full-fledged FLO position, Burkett had to complete the training to receive loan approval authority. Resp. Mot. Summ. J. at 4. There are material disputes of fact as to whether Burkett was properly trained prior to the exam, given fair chances at taking the exam, and given equal treatment in the grading of her loan dockets. *See* Pl.'s Statement of F. ("Pl.'s F.) ¶¶ 31–37, 44–49, Doc. No. 39.

Burkett claims that she was not properly trained by Kathleen Mazzanti, her assigned trainer, and that after Mazzanti was promoted, Burkett had no assigned trainer and had to teach herself the material. *Id.* ¶¶ 26–32. She claims the first time she took the comprehensive exam, her testing environment was not conducive to taking an exam and caused her to fail, and that it was not until her second attempt that she took the exam in the same environment as everyone else, which allowed her to pass. *Id.* ¶¶ 33–37. She claims that after passing the exam, Dennis Stephens graded her dockets too harshly. Stephens had previously been accused of grading harshly, and in those instances the failed dockets were

reviewed in Washington, D.C., where failing grades were converted to passing grades. *Id.* ¶¶ 43–44.

Burkett filed more EEO complaints claiming the USDA was blocking her path to loan approval authority. Pl.'s Resp. Def.'s F. ¶¶ 15, 17. She withdrew those complaints with prejudice in exchange for a promise that her loan dockets would be re-graded out-of-state. Pl.'s F. ¶ 45. Burkett understood this to mean grading in Washington, D.C., but the dockets were re-graded by one of Stephens's friends in Oklahoma and again given failing grades. *Id.* ¶¶ 45–48. Burkett submitted more dockets, most of which were ultimately failed. *See id.* ¶¶ 51, 55.

Burkett was placed on an improvement plan and eventually terminated on July 13, 2013, for failure to receive loan approval authority. *Id.* ¶ 51, 73. She brought an administrative claim of discrimination, was denied relief, and filed this lawsuit.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.*

## III. DISCUSSION

The motion for summary judgment is denied because there are factual disputes whether direct evidence and burden shifting analyses support Burkett's discrimination and retaliation claims.

A.     Direct Evidence

Viewing the evidence in the light most favorable to Burkett, which is of course the summary judgment standard and not the trial standard, Burkett has shown that the USDA took adverse employment actions against her because she is a member of a protected class and in retaliation for engaging in protected acts. *See McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007) (direct evidence permits reasonable factfinder to determine illegitimate basis motivated adverse employment action). This is true because her position is essentially that FSA simply continued its previously proven discrimination and retaliation. Given the unusual nature of these facts, including Burkett's likely theory of the case that the USDA was trying to avoid giving effect to the ALJ's order, the claims are too interconnected to be isolated from each other.

B.     Burden-Shifting Framework

Even if there were no direct evidence of discrimination, Burkett would survive summary judgment by inferring unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

4

### 1. Prima Facie Case of Discrimination

To establish a prima facie case for her discrimination claim, Burkett must show that she: (1) is a member of a protected class; (2) was meeting the USDA's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees outside of her protected class. *See Rebouche v. Deere & Co.*, 786 F.3d 1083, 1087–88 (8th Cir. 2015); *Lors v. Dean*, 746 F.3d 857, 865 (8th Cir. 2014); *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 792 (8th Cir. 2011) (race discrimination claims under ACRA are analyzed using same legal framework as claims for race discrimination under Title VII); *McGinnis*, 496 F.3d at 873.

The USDA concedes that Burkett is a member of a protected class and was meeting job expectations. Br. Supp. Mot. Summ. J. at 16, Doc. No. 29.

Burkett has shown that she suffered an adverse employment action because she was terminated and because she was treated unfairly on so many occasions that a "tangible change" in her working conditions occurred. *See Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). As Burkett views it, this unfair treatment includes being deprived of the training that everyone else received, being given a disruptive testing environment that nobody else received, and being unfairly graded and re-graded, which was also something no one else experienced. The USDA argues that her complaints about this unfair treatment were dismissed with prejudice and are not timely brought in this lawsuit. This is not persuasive because the facts must be viewed in the light most favorable

5

to Burkett.  When this is done, she has presented enough to create a material factual dispute as to whether the USDA engaged in an ongoing effort to discriminate against Burkett.

Burkett has also provided sufficient evidence to permit a jury to determine whether others were treated more favorably.  While her briefing is confusing, there are multiple comparators because there are several employees of various races and ages who sought loan approval authority through the FLO training program who, according to Burkett's version of the facts, were not subjected to the same roadblocks that she was.

### 2. Prima Facie Case of Retaliation

To establish a prima facie case of retaliation Burkett must show that (1) she engaged in a statutorily protected activity; (2) she suffered some adverse action; and (3) there is a causal connection between the adverse action and protected activity.  *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc) (citations omitted).

Burkett engaged in protected activity by filing multiple EEO complaints.  As discussed above, she has suffered adverse employment actions.  Finally, there is an issue of fact regarding whether the adverse action resulted from the protected activity.  The adverse action was the placement of a series of obstacles in Burkett's path that no other employee faced, and this apparently began shortly after, and as a direct response to, the ALJ ordering Burkett into a FLO position.

### 3. Burden-Shifting

Because Burkett established prima facie cases of discrimination and retaliation, the USDA "may rebut the prima facie case by articulating a non-discriminatory rationale for its action." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1086 (8th Cir. 2011) (Title VII) (citation omitted); *see also Lors*, 746 F.3d at 865 (applying *McDonnell Douglas* burden-shifting framework to ADA retaliation claims). Burkett would then need to "prove that [the USDA's] proffered rationale was merely a pretext for discrimination." *Jackson*, 643 F.3d at 1086 (citation omitted).

The USDA offers Burkett's eight years in training, low scores, and ultimate failure to receive loan approval authority as legitimate nondiscriminatory reasons for her termination. Br. Supp. Mot. Summ. J. at 24–25. The USDA misses the thrust of Burkett's claims, however, because Burkett argues that these facts are the results of discriminatory and retaliatory acts. Burkett believes she was given no choice but to take a long time in futile pursuit of loan approval authority and was graded unfairly because of the USDA's discrimination and retaliation against her. Whether this is true is a question for the jury. As no legitimate nondiscriminatory motive has been shown, Burkett is entitled to a trial.

### IV. CONCLUSION

For the forgoing reasons, Perdue's motion for summary judgment [Doc. No. 28] is denied. To the extent that Burkett wishes to bring an administrative appeal of a MSPB decision or a sex or gender discrimination claim, those claims are dismissed because she did

7

not assert an MSPB appeal in her complaint or raise sex or gender discrimination claims in her EEO complaint.

IT IS SO ORDERED this 11th day of August, 2020.

UNITED STATES DISTRICT JUDGE